568 So.2d 990 (1990)
NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, Appellant,
v.
Mary F. KING, Appellee.
No. 89-3235.
District Court of Appeal of Florida, Fourth District.
October 24, 1990.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Pariente & Silber, and Barbara J. Compiani and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellee.
Sharan Lee Stedman and Lisa M. Appelo of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, for amicus curiae, Florida Defense Lawyers Ass'n.
PER CURIAM.
Appellant Nationwide Property and Casualty Insurance Company, defendant below, appeals a second amended final judgment upon a jury verdict for plaintiff Mary King in a bad faith insurance suit. We affirm.
Mary King was injured by a truck driven by Judith McLendon. King offered to settle with McLendon's insurer, Nationwide Property and Casualty Insurance Company, for the policy limit of $50,000. Nationwide did not settle. As a result, King instituted a personal injury action against McLendon. The jury returned a verdict in favor of King for $700,000, and the trial court entered judgment against McLendon for $560,000 due to King's 20% comparative negligence.
McLendon subsequently assigned to King her cause of action against Nationwide for bad faith and/or breach of contract in failing to settle the claim against her. King then filed an action for bad faith in refusing to settle, which action is the subject of this appeal. Nationwide answered, asserting King's comparative bad faith as a defense. The trial court struck this defense. The cause proceeded to trial.
At trial, the court declined to give Nationwide's requested jury instruction on legal causation. Instead, the court gave Florida Standard Jury Instruction MI 3.1 regarding "Insurer's Bad Faith." The jury found that Nationwide acted in bad faith in failing to settle the claim and returned a verdict in favor of King. The trial court entered final judgment in accordance with the verdict.
We find no error in the trial court's refusal to give Nationwide's requested jury instruction on legal causation. The Florida standard jury instruction on bad faith adequately covered the law. Furthermore, the trial court did not err in striking Nationwide's comparative bad faith defense. We decline to create a new affirmative defense of comparative bad *991 faith. Accordingly, the judgment below in favor of appellee is affirmed.
DOWNEY and WALDEN, JJ., and WESSEL, JOHN D., Associate Judge, concur.